IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────

PATRICK GUILLORY,

              Plaintiff,             Civil Action No.
                                        9:12-CV-1771 (FJS/DEP)

   v.

MAUREEN BOLL and B. JOHNSTON,

              Defendants.

─────────────────────────────

APPEARANCES:

FOR PLAINTIFF:

PATRICK GUILLORY, *Pro Se*
09-B-0714
Southport Correctional Facility
P.O. Box 2002
Pine City, NY 14871

FOR DEFENDANT:

HON. ERIC T. SCHNEIDERMAN   DOUGLAS J. GOGLIA, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Patrick Guillory, a New York State prison inmate, commenced this action against three employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), pursuant to 42 U.S.C. § 1983, alleging the deprivation of his civil rights. In the portion of his complaint that remains pending before the court, Guillory alleges that two of the defendants conspired to, and did, issue him a false misbehavior report in retaliation for his filing grievances and a lawsuit against DOCCS officials.[1]

Following the close of discovery, defendants filed a motion for the entry of summary judgment dismissing plaintiff's remaining claims. Plaintiff has opposed defendants' motion both on the merits and on the basis that he has not yet been able to obtain, through discovery, certain materials needed to properly oppose the motion. For the reasons set forth below, I recommend that defendants' motion be denied without prejudice to renewal following the completion of discovery.

---

[1]     Plaintiff's claims against the third defendant were severed and transferred to the Western District of New York.

I.     BACKGROUND[2]

Plaintiff is a prison inmate currently being held in the custody of the DOCCS. *See generally* Dkt. No. 1. During the period of time relevant to his remaining claims in this action, Guillory was confined in the Bare Hill Correctional Facility ("Bare Hill"), located in Malone, New York. *Id.*

In October 2012, while at Bare Hill, plaintiff filed three grievances complaining of staff misconduct at the facility. In two of those grievances, plaintiff complained of actions taken against him by Corrections Officer Forbare, the law library supervisor at the facility. *Id.* at 6-8; Dkt. No. 1010-4 at 63-66; Dkt. No. 134 at 7, 9 , 11. In the first, filed on October 17, 2012, and designated as Grievance No. BRL-12802-12, plaintiff alleged that Forbare insulted him using profanities and refused to make copies of his legal work. Dkt. No. 1 at 6; Dkt. No. 103-10 at 63; Dkt. No. 134 at 7. In the second, filed on October 23, 2012, and designated as Grievance No. BRL-12817-12, plaintiff accused Forbare of retaliating against him for filing the first grievance by failing to place his name on the law library call-out list. Dkt. No. 1 at 7; Dkt. No. 103-10 at 64; Dkt. No. 134 at 9. The third grievance, filed on

---

[2]     In light of the procedural posture of this case, the following recitation is derived from the record now before the court, with all inferences and ambiguities resolved in plaintiff's favor. *Terry v.* Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003).

October 30, 2012, and designated as Grievance Number BRL-12824-12, arose from plaintiff's encounter with Corrections Sergeant Carry on October 24, 2012. Dkt. No. 1 at 8; Dkt. No. 103-10 at 65-66; Dkt. No. 134 at 11. On that date, during an interview with Guillory regarding the grievances filed against Forbare, Carry allegedly threatened plaintiff with confinement in the facility's special housing unit ("SHU") as a result of plaintiff's grievances. *Id.* The interview ended when Carry allegedly said to plaintiff, "Just keep writing and see what you get." Dkt. No. 1 at 7. As a result of this encounter, plaintiff filed his third grievance at Bare Hill against Carry. Dkt. No. 1 at 8; Dkt. No. 103-10 at 66; Dkt. No. 134 at 11.

In addition to filing the two grievances against Forbare, plaintiff wrote a letter to defendant Maureen Boll, the Deputy Commissioner and Counsel of the DOCCS, on or about October 18, 2012, complaining of Forbare's alleged profanities and refusal to assist plaintiff in making copies of his legal work. Dkt. No. 103-9 at 15-19; Dkt. No. 134-3 at 23-27. In a written response dated November 28, 2012, and prepared for her by a third party, defendant Boll advised plaintiff that his claim had been investigated, and it had been determined the copies were not made for him because, despite being advised of the procedure governing photocopying services at the facility by

4

Forbare, plaintiff was unwilling to complete the required disbursement form.

Dkt. No. 103-9 at 13, 14; Dkt. No. 134-3 at 32, 36. Defendant Boll's letter

further acknowledged that the matter was the subject of a grievance that

was being investigated, and closed by recommending "that [he] allow the

grievance procedure to continue and to await the decision that will be

forthcoming."[3] Dkt. No. 103-9 at 13; Dkt. No. 134-3 at 36.

On October 31, 2012, plaintiff was interviewed by defendant B.

Johnston, a DOCCS Corrections Lieutenant stationed at Bare Hill,

concerning the three grievances plaintiff had filed against Forbare and

Carry. Dkt. No. 1 at 8; Dkt. No. 103-10 at 66-67, 70-74. According to plaintiff,

during the course of that interview defendant Johnston asked him two

questions, (1) "What happened?" and (2) "Why are you filing lawsuits?" Dkt.

No. 1 at 8; Dkt. No. 103-10 at 74; Dkt. No. 134 at 13. After plaintiff explained

---

3        In his opposition to defendants' motion plaintiff highlights that defendant Boll was asked, by way of an interrogatory, "How many letters did the plaintiff send to your office in October, 2012 complaining about staff misconduct at Bare Hill Corr. Facility?" Dkt. No. 132 at 2, 4; *see also* Dkt. No. 103-9 at 7. Notwithstanding the communications between plaintiff and defendant Boll recounted above, defendant Boll responded, under oath, as follows: "Despite a diligent search, Counsel's Office was unable to locate any correspondence from October 2012 in which [plaintiff] complained about the alleged staff misconduct at Bare Hill Correction Facility." Dkt. No. 132 at 4; *see also* Dkt. No. 103-9 at 7. This response fails to account for plaintiff's letter to Boll on or about October 18, 2012, or defendant Boll's response to that letter, and suggests defendants failed to undertake an adequate search for the requested documents. Despite having an opportunity to do so in their reply memorandum, defendants have offered no explanation for this discrepancy identified by plaintiff.

himself, defendant Johnston told him he would continue to investigate the allegations and then dismissed plaintiff. Dkt. No. 1 at 8-9; Dkt. No. 103-10 at 74; Dkt. No. 134 at 15-19.

On November 1, 2012, plaintiff was served with a misbehavior report issued by defendant Johnston, alleging that Guillory had threatened him during their meeting on the prior day. Dkt. No. 1 at 10; Dkt. No. 103-6 at 4. On November 8, 2012, following a Tier III disciplinary hearing, plaintiff was found guilty of threatening defendant Johnston and sentenced principally to three months of disciplinary SHU confinement, with a recommendation that he additionally forfeit three months of good time credits.[4] Dkt. No. 1 at 11; Dkt. No. 103-06 at 2,3; Dkt. No. 103-07.

According to Guillory, on November 2, 2012, following the issuance of the misbehavior report, Carry approached plaintiff at his cell and said, "Dam-it [sic] Guillory, if you had only listened to me and dropped the grievances!" Dkt. No. 1 at 11; *see also* Dkt. No. 103-10 at 85. Plaintiff also

---

[4]     The DOCCS conducts three types of inmate disciplinary hearings. *See* 7 N.Y.C.R.R. § 270.3; *see also Hynes v. Squillace*, 143 F.3d 653, 655 n.1 (2d Cir. 1998). Tier I hearings address the least serious infractions and can result in minor punishments such as the loss of recreation privileges. *Hynes*, 143 F.3d 655 n.1. Tier II hearings involve more serious infractions, and can result in penalties which include confinement for a period of time in the SHU. *Id.* Tier III hearings address the most serious violations and can result in unlimited SHU confinement and the loss of "good time" credits. *Id.*

alleges that he was informed by Corrections Officer Lee Tremblay, who is

employed at Bare Hill, that he "was set-up for filing grievances against

Forbare – and – the set-up was in retaliation for suing [defendant] Maureen

Boll[.]"[5] Dkt. No. 1 at 14-15; *see also* Dkt. No. 103-4 at 1; Dkt. No. 103-10 at

91-92; Dkt. No. 134 at 27. Plaintiff also alleges that defendant Boll "has a

custom and policy of retaliation out of DOCCS office of counsel." Dkt. No. 1

at 17; Dkt. No. 103-10 at 106-07. In a declaration given in support of

defendants' motion, Tremblay states that he does not know plaintiff or

defendant Boll, and denies having made the statement plaintiff attributes to

him concerning defendant Boll. Dkt. No. 103-4 at 2.

## II.    PROCEDURAL HISTORY

Plaintiff commenced this action on December 3, 2012. Dkt. No. 1. In

his complaint, plaintiff asserts First Amendment retaliation claims against

Maureen Boll, Deputy Commissioner and Counsel for the DOCCS, and D.

Johnston, a Corrections Lieutenant at Bare Hill, and accuses Kathleen

Washburn, the Senior Mailroom Supervisor at the Southport Correctional

Facility ("Southport"), of denying him access to the courts by destroying his

---

[5]     A review of publicly available records reveals that plaintiff filed a civil rights lawsuit
against defendant Boll in this district on May 31, 2011. *See Guillory v. Ellis*, No.
11-CV-0600 (N.D.N.Y. filed May 31, 2011); *see also* Dkt. No. 1 at 16.

legal mail.[6] *Id.* Plaintiff seeks an award of compensatory and punitive damages against each of the three defendants. *Id.*

After conducting an initial review of plaintiff's complaint and accompanying *in forma pauperis* ("IFP") application, Senior District Judge Frederick J. Scullin, Jr., issued a decision on February 5, 2013, severing plaintiff's claims against defendant Washburn arising out of incidents occurring at Southport and directing that those claims be transferred to the Western District of New York, the district in which Southport is located. Dkt. No. 7. Judge Scullin also granted plaintiff's application for IFP status, and accepted the remaining portions of his complaint for filing. *Id.*

This action has an extensive procedural history, which includes a motion by defendants Boll and Johnston, filed on February 21, 2013, seeking dismissal of plaintiff's claims against them for failure to state a claim upon which relief may be granted, and a motion brought by the plaintiff on March 18, 2013, requesting the entry of summary judgment in his favor. Dkt. Nos. 12, 24. Both of those motions were denied. Dkt. Nos. 52, 56.

---

[6]    In his memorandum of law in opposition to defendants' motion, plaintiff asserts that he is also pursuing a procedural due process claim. Dkt. No. 134-2 at 11. Because plaintiff's complaint, which has not been amended, specifically asserts only "First Amendment retaliation claim[s]," Dkt. No. 1 at 18, I have not addressed plaintiff's argument concerning the lack of procedural due process in this report.

By motion filed on February 18, 2014, defendants moved for the entry of summary judgment dismissing plaintiff's remaining claims in the action. Dkt. No. 103. In support of that motion, defendants contend that Guillory's claims are subject to dismissal as a matter of law because (1) the plaintiff has no constitutional right to be free from false accusations; (2) no reasonable factfinder could conclude that defendant Boll was personally involved in any constitutional deprivation; and (3) plaintiff has failed to prove the requisite elements of a conspiracy claim under section 1983. *See generally* Dkt. No. 103-2. Plaintiff has since responded by filing three separate submissions in opposition to defendants' motion, maintaining that the motion lacks merit and protesting that it was filed before he was afforded an adequate opportunity to complete pretrial discovery and develop the information necessary to properly oppose the motion.[7] Dkt. Nos. 127, 132, 134. Defendants' motion for summary judgment is now fully briefed, and has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See* Fed. R. Civ. P. 72(b).

---

[7]     On April 11, 2014, the court issued a decision and order granting a motion by the defendants to stay discovery in the action pending a final decision upon the defendants' summary judgment motion. Dkt. No. 121.

III.    DISCUSSION

A.    Summary Judgment Standard

Summary judgment motions are governed by Rule 56 of the Federal

Rules of Civil Procedure. Under that provision, the entry of summary

judgment is warranted "if the movant shows that there is no genuine dispute

as to any material facts and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Sec. Ins.*

*Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82-83 (2d

Cir. 2004). A fact is "material" for purposes of this inquiry, if it "might affect

the outcome of the suit under the governing law." *Anderson*, 477 U.S. at

248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).

A material fact is genuinely in dispute "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson*,

477 U.S. at 248.

A party moving for summary judgment bears an initial burden of

demonstrating that there is no genuine dispute of material fact to be decided

with respect to any essential element of the claim in issue, and the failure to

meet this burden warrants denial of the motion. *Anderson*, 477 U.S. at 250

n.4; *Sec. Ins. Co.*, 391 F.3d at 83. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material dispute of fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 250.

When deciding a summary judgment motion, a court must resolve any ambiguities, and draw all inferences, in a light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Jeffreys*, 426 F.3d at 553; *Wright v. Coughlin*, 132 F.3d 133, 137-38 (2d Cir. 1998). The entry of summary judgment is justified only in the event of a finding that no reasonable trier of fact could rule in favor of the non-moving party. *Bldg. Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 507-08 (2d Cir. 2002); *see also Anderson,* 477 U.S. at 250 (finding summary judgment appropriate only when "there can be but one reasonable conclusion as to the verdict").

B.    Plaintiff's Rule 56(d) Objection

As part of his opposition to defendants' motion, plaintiff asserts that he should be afforded the opportunity to obtain additional discovery, including materials within the possession, custody, or control of defendants that could be used to support his retaliation claim. Dkt. No. 127. Specifically, plaintiff

seeks all investigation reports, to/from memoranda, and e-mails pertaining

to the three grievances filed by him in October 2012. *Id.* at 7.

Rule 56(d) of the Federal Rules of Civil Procedure "addresses cases

where a litigant opposing summary judgment requests additional

discovery." *Crystalline H2O, Inc. v. Orminski*, 105 F. Supp. 2d 3, 6-9

(N.D.N.Y. 2000) (McAvoy, J.).[8] The rule provides that,

> [i]f a nonmovant shows by affidavit or declaration
> that, for specified reasons, it cannot present facts
> essential to justify its opposition [to a motion for
> summary judgment], the court may
>
> > (1)    defer considering the motion or deny it;
> >
> > (2)    allow time to obtain affidavit declarations
> > or to take discovery; or
> >
> > (3)    issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56 was designed to afford a non-moving party

with a fair opportunity to engage in discovery before having to oppose a

summary judgment motion.

To successfully assert a Rule 56(d) defense to a summary judgment

motion, the non-movant "must file an affidavit explaining (1) what facts are

---

[8]    *Crystalline* involved former Rule 56(f) of the Federal Rules of Civil Procedure, which has been renumbered, essentially unchanged, as Rule 56(d). *See* Fed. R. Civ. P. 56 Advisory Committee's Notes, 2010 Amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine [dispute] of material fact, (3) what effort the affiant has made to obtain those facts, and (4) why [those efforts were] unsuccessful[.]" *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,* 891 F.2d 414, 422 (2d Cir. 1989) (citing *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 925-27 (2d Cir. 1985)); *accord*, *Crystalline H20, Inc.*, 105 F. Supp. 2d at 6; *Young v. Corbin*, 889 F. Supp. 582, 584-85 (N.D.N.Y. 1995) (McAvoy, J.).

In this instance, liberally construing plaintiff's submissions, and mindful of the special solicitude courts in this circuit are obligated to extend to *pro* se litigants, I find that plaintiff has satisfied the requirements of Rule 56(d). While the court is skeptical that the materials now sought by Guillory, through discovery, will assist him in successfully defeating defendants' summary judgment motion, in deference to his *pro se* status, and in the interest of justice, I recommend that the pending motion for summary judgment be denied, without prejudice to renewal following the completion of discovery.[9]

---

[9]     In a separate text order issued contemporaneously with this report, I have reopened discovery to address, *inter alia*, plaintiff's motion to compel discovery, Dkt. No. 115, and his requests for additional discovery pursuant to Rule 56(d).

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Because defendants' motion for summary judgment has been opposed by plaintiff pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, and I find plaintiff has satisfied the necessary requirements under that provision, I recommend he be provided the opportunity to engage in further, limited discovery in an effort to prove his claims. It is hereby respectfully

RECOMMENDED that defendants' motion for summary judgment dismissing plaintiff's complaint (Dkt. No. 103) be DENIED, without prejudice.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this court's

local rules.

Dated:      August 28, 2014
            Syracuse, New York


_____
David E. Peebles
U.S. Magistrate Judge